# SUPPLEMENTAL DECLARATION OF DAVID FAHERTY
# FOR THE NATIONAL IMMIGRANT JUSTICE CENTER

*I, David Faherty, make the following statements on behalf of the National Immigrant Justice Center. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is David Faherty. I am a Supervising Attorney at the National Immigrant Justice Center (NIJC), a not-for-profit organization based in Chicago, Illinois, that provides legal services to immigrants. I incorporate my initial Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 8-3) as if fully set forth herein.

2. On April 28, 2025, with NIJC's representation, a client for whom NIJC was appointed counsel via the NQRP program was granted withholding of removal. As of May 22, 2025, that client remains detained, despite having received a final grant of protection from removal to the only country the Department of Homeland Security (DHS) had identified as a country to which it intended to remove this individual. While the immigration court case has been completed in this case, NIJC will continue representation, including release planning and release requests with DHS, until our client has returned to the community.

3. In another NIJC NQRP case involving a detained individual, the assigned QR filed an appellate brief due with the BIA on May 21, 2025. We are also considering whether a reply brief is needed in response to the DHS's brief in the case.

4. In my previous declaration, I also described a case from the Fort Snelling Immigration Court, which is on appeal at the BIA. We have yet to receive a decision in this case, but because this is a detained case and detained appeals are resolved on an expedited basis at the BIA, a decision is possible any day now.

5. I represent an individual for whom I was appointed counsel under NQRP, originally. After he was released from custody in April 2021, that funding lapsed while DHS pursued an appeal to the BIA. But he was re-detained earlier this year, and I only recently learned that he was again back in ICE custody. NIJC would usually request re-appointment in the case of a person who gets re-detained like this. However, because of the termination of the program, we are unable to do so.

6. I believe this client continues to be eligible for an immigration judge bond, and I plan on at least filing a bond motion for him. However, if bond is denied this client needs to pursue merits relief while detained. His case was previously dismissed by the

1

Immigration Judge after a successful motion to terminate, which involved legal arguments as to why his convictions did not have immigration consequences. The BIA sustained DHS's appeal as to one ground of removability, and remanded the case for the Immigration Court to consider relief in the first instance. For this client, his relief options include refugee adjustment of status and waiver of inadmissibility, and in the alternative asylum, withholding of removal, and protection under the Convention Against Torture, all of which will ideally require a forensic psychiatric evaluation, a country conditions expert, and significant country conditions research, legal briefing, and release planning. Because this client does not qualify for services under one of our other grants, I do not believe we will be able to represent him in detained immigration court if his bond is denied. And I believe he will be unable to find another attorney to represent him, given the complexity of his case and the limited attorney resources for people who are detained in Kentucky.

7. We recently received a referral from another NQRP provider for an appeal, but we are not able to accept it for representation. The other organization provided representation before the immigration judge, and the client was granted relief. DHS has appealed that grant, and the other organization is unable to continue representing the individual on appeal. Usually, when the QR cannot continue with representation, the case gets transferred to another QR through the NQRP program. But because of the termination of the program, this person faces potentially defending their case on appeal without the assistance of counsel. This would make it more difficult for the Board of Immigration Appeals to decide the case, as counseled briefing assists the decisionmakers, and increases the chances that this person will remain detained for a prolonged period.

8. NIJC has not been able to identify any cases of individuals deemed not competent to represent themselves since the termination of the NQRP program. Aside from our interactions with individuals and family members who directly reach out to us via out weekly hotline, our organization does not have any other mechanism besides the appointment mechanism to reliably identify people in detention who may not be able to represent themselves due to a mental illness or other incapacity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 22nd of May 2025, in Chicago, Illinois

David Faherty