SUPPLEMENTAL DECLARATION
OF ELIZABETH SANCHEZ KENNEDY, EXECUTIVE DIRECTOR
FOR GALVESTON-HOUSTON IMMIGRANT REPRESENTATION PROJECT

*I, Elizabeth Sanchez Kennedy, make the following statements on behalf of myself and Galveston-Houston Immigrant Representation Project (GHIRP). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Elizabeth Sanchez Kennedy, and I am the Executive Director at the Galveston-Houston Immigrant Representation Project. GHIRP is a legal services organization that was launched in October 2020 with a mission to build a resilient, diverse community by providing comprehensive representation and holistic legal services to immigrants in need. GHIRP's legal services range from outreach and education to complex litigation in the Galveston-Houston area. Our legal team provides holistic and comprehensive representation to immigrants in the community, including unaccompanied minors, adults, and women, children, and families.

2. I incorporate my initial Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 8-6) as if fully set forth herein.

3. Despite the contract termination, GHIRP's Community Immigration Program – Detained Adult team continues to provide legal services to detained adults previously appointed through NQRP. We are providing unfunded representation to almost all of our NQRP clients because we believe we have an ethical duty to represent them through the finality of their case, and their cases are in a procedural posture that requires representation. In most cases, to withdraw at this point in the process would be detrimental to our clients' cases and would almost certainly result in their deportation. Additionally, it is unlikely that the Immigration Judges will allow our attorneys to withdraw representation at this stage of the cases.

4. On May 7, 2025, GHIRP represented an NQRP client in their Individual Hearing before the Immigration Court. Due to the loss of funding, GHIRP could not pay the fees for the expert that was scheduled to testify on behalf of the client. Fortunately, the expert agreed to provide her services for free due to the unanticipated loss of funding. Nonetheless, the Immigration Judge did not allow the expert to testify, which required our attorney to provide additional evidence in support of the case. The Immigration Judge ordered a filing deadline for May 20, 2025, to submit additional supporting documentation on behalf of our client. Given the procedural posture of the case and the outstanding issues that required expedited work after the hearing, we have continued to represent the client until the final adjudication.

5. Two NQRP clients have been impacted by the contract termination. The first NQRP client was transferred to another program within the organization due to the contract termination and loss of funding. This client has a significant amount of preparation left in their case, and is scheduled for a Master Calendar Hearing on May 29, 2025 in Immigration Court. The other programs absorbing our NQRP clients are now able to serve fewer clients in the community that are also in need of legal representation. Furthermore, the NQRP client is now represented by staff who are dedicated to a universal representation program whereby clients are accepted under a first come, first served basis. This diversion of resources negatively impacts office morale and capacity for universal representation at a time when our services are needed most.

6. The second case is an NQRP client whose case we closed out of the Detained Adult team docket despite his need for additional legal and social services. We will continue providing services unfunded, however, we can only provide basic legal services, instead of the extensive social services and assistance navigating community resources to ensure he can obtain the services he needs to thrive. We will no longer be able to provide social services support due to the contract termination, which is contrary to our mission of providing holistic legal services. GHIRP's holistic legal services model relies on a person-centered representation, which includes providing case management services connecting clients to social services, while zealously advocating on their behalf.

7. Other NQRP clients are not capable of being transferred to other programs due to program restrictions and capacity limitations. We will soon have to make difficult decisions as to whether to continue NQRP client representation without funding and litigation support (such as expert and evaluation fees) which are critical to establishing eligibility for relief. Even if we can continue representing clients with competency concerns, the costs associated with representation will either be supported by general operations funds or cut from our representation due to lack of funding. Both options are detrimental to our clients and the organization's ability to carry out our mission.

8. Finally, our next Individual Hearing for an NQRP client is scheduled for December 11, 2025. This case will require extensive preparation, expert testimony, and a neuropsychological evaluation. In our experience, these evaluations cost approximately $2,500, potentially more if court testimony is required. To date, we have not found an organization who will provide the evaluation pro bono. Because the evaluation is an essential element of the case, we will likely pay for the evaluation through general operations funding.

9. These difficult funding and capacity constraints will continue to limit our ability to provide full-service representation to clients in the absence of the NQRP program.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 22nd day of May 2025, in Houston, Harris County, Texas.

_____
**Elizabeth Sanchez Kennedy**
**Executive Director**
**Galveston-Houston Immigrant Representation Project (GHIRP)**