## SUPPLEMENTAL DECLARATION OF HOMERO LOPEZ, JR.
## LEGAL DIRECTOR
## FOR IMMIGRATION SERVICES & LEGAL ADVOCACY

*I, Homero López, Jr., make the following statements on behalf of Immigration Services & Legal Advocacy. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Homero López, Jr. I am the Legal Director at Immigration Services & Legal Advocacy (ISLA). ISLA is based in New Orleans, Louisiana and provides legal services to immigrants. Our mission is to defend the rights of our immigrant communities and advocate for just and humane policy. ISLA is a member of the National Qualified Representative Program (NQRP) network, through which it provides appointed counsel to noncitizens in removal proceedings who are adjudicated not competent to represent themselves before the Executive Office for Immigration Review (EOIR).

2. ISLA's primary operation is providing direct legal representation to detained individuals in Louisiana. ISLA provides representation to individuals an immigration judge has determined requires a legal representative as a safeguard to protect their rights and privileges in removal proceedings. Through this representation, ISLA is able to track mental health practices and services at the various facilities and identify and bring concerns from our clients to the relevant stakeholders. ISLA provides services under a universal representation model where we do not discriminate based on various criteria but instead accept cases on a first come, first served (within our capacity) approach.

3. I incorporate my initial Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction as if fully set forth herein. (Dkt. 8-7).

4. During our regular visitation and consultation approach, we have identified an individual who demonstrates clear indicia of mental incompetency. As we have done in the past, we plan to file a Third-Party Notification (TPN) to alert the Immigration Judge (IJ) to this individual's competency concerns. As a result, we expect the IJ to initiate a Judicial Competency Inquiry (JCI). Should the IJ find this individual incompetent to represent himself, the termination of the Nationwide NQRP will mean that no attorney will be appointed and resources which would regularly be available will not be available. Since this individual is in solitary confinement, and a determination of incompetency restarts the proceedings, he will be subjected to further, prolonged solitary confinement, likely exacerbating his mental illness. Without appointed counsel, I expect that the IJ will find herself severely limited in being able to move his case forward, further prolonging his detention and isolation.

5. At this moment, ISLA has decided to continue representing the open cases which had been assigned to us through the NQRP on a pro bono basis because we have established rapport and relationships with those clients and view it as fundamental to our mission. However, we are finding it difficult to properly represent a couple of those individuals without the NQRP resources and funding because we need to retain expert witnesses and medical professionals to testify regarding mental health issues in their home countries and educate the IJs as to how our clients' mental health symptoms manifest. Those experts would have been covered through the NQRP, and we must now find ways to obtain coverage without the resources provided by the NQRP.

6. We have rearranged our budget and reallocated resources to make sure we can continue to provide legal services, but, the non-legal resources and services are equally, if not more, important in these matters. Without those services, we, and oftentimes the IJs, are unable to make sense of a matter where competency is at issue and identify how it fits into the legal framework.

7. Should we be unable to regularly obtain expert and medical professionals for these cases, we will be forced to stop accepting cases where mental competency is at issue, leaving the most vulnerable of detained individuals without access to counsel and severely harming our mission and reputation. Selecting cases instead of continuing to operate as a universal representation provider significantly undermines our foundational belief that everyone in removal proceedings should have an equal opportunity at presenting their defense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd of May 2025, in New Orleans, Louisiana.

Homero López, Jr.
Legal Director
ISLA
3801 Canal St., Ste. 210
New Orleans, Louisiana 70119
504-210-9649

2