## SUPPLEMENTAL DECLARATION OF MELISSA M. LOPEZ
## EXECUTIVE DIRECTOR
## FOR ESTRELLA DEL PASO

*I, Melissa M. Lopez, make the following statements on behalf of Estrella del Paso. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Melissa Mari Lopez. I am the Executive Director at Diocesan Migrant & Refugee Services *doing business as* Estrella del Paso [hereinafter "Estrella del Paso"] an organization based in El Paso, Texas that provides legal services to immigrants. I submit this supplemental declaration to provide additional information about the termination of the Nationwide NQRP.

2. Since my last declaration, Estrella del Paso has had one hearing postponed in a Nationwide NQRP case. The next hearing in this matter is set for May 23, where we are supposed to file an application for relief. However, due to our client's disability, we are going to need more time. We expect that a psychological evaluation will be necessary for his representation as his competency issues are interfering with his ability to participate in the preparation of his case. Without the NQRP funding though, our organization is not currently able to pay for this type of evaluation, which can cost between $1,500.00 and $2,500.00 per evaluation. Unfortunately, we have not been able to locate providers able to conduct these evaluations at a reduced cost or on a pro-bono basis. Without NQRP funding, our organization is unable to ensure that necessary evaluations are completed.

3. We have another case set for a June 4, 2025 individual hearing on the application for relief. This case also requires extensive work to be done as the client needs to be prepped for their final hearing. It is anticipated that the client will also need representation in an appeal.

4. As detailed above, it is difficult for an organization like ours to undertake pro bono representation of clients with competency challenges because their representation is resource intensive. Many of the clients with competency issues are disoriented as to time and space and have difficulty communicating basic facts about themselves to us. Through NQRP funding, we provide not only our work as attorneys and advocates but also additional resources such as language support, investigators, expert witnesses and clinicians or mental health evaluators. Without the NQRP funding we do not have access to these additional resources and our ability to adequately represent our NQRP clients is curtailed.

5. For instance, the language line interpretation service is necessary, as we do not currently have independent funding to cover language access beyond five calls per staff member per month. In working with individuals with competency issues a staff member can easily exhaust their monthly allotment without having furthered the goals of representation because our clients with competency challenges often have difficulties communicating with us, and it takes several meetings with them to get to a point where we are able to obtain information necessary for their representation. The termination of the NQRP program

1

would mean that we would be unable to serve non-English or Spanish speaking populations as we simply do not have access to language lines or third language speakers. Without the ability for us and our clients to understand one another, there is no way we can engage in their competent and diligent representation.

6. Furthermore the use of investigators and expert witnesses is a critical tool in developing cases where the clients are unable to provide attorneys assistance due to their lack of competency. Investigators are an important resource in being able to accurately compile a client's personal and criminal history and potentially in contacting family members who have lost contact with a detained client. The mental health evaluators and country conditions experts are vital for providing objective evidence to the judge where the client is unable to provide reliable information or testimony. Many NQRP cases are asylum claims based on particular social groups due to the treatment of the mentally ill in the client's home country. Clinicians who are able to properly diagnose and explain a client's symptoms and behaviors are crucial to explaining the client's courtroom behavior, justifying necessary safeguards in the case, and contextualizing the client's particular social group. Country conditions experts are then able to use specific diagnoses and facts regarding the client to explain the possible harm and treatment in the client's home country. Without such objective evidence provided by experts, it can be almost impossible to present a case where the clients are unable to provide important and reliable information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 22nd day of May 2025, in El Paso, Texas.

_____
Melissa Mari Lopez
Executive Director
Estrella del Paso