## SUPPLEMENTAL DECLARATION OF Robyn Meyer-Thompson
## Supervising Staff Attorney
## FOR the Immigrant Law Center of Minnesota

*I, Robyn Meyer-Thompson, make the following statements on behalf of the Immigrant Law Center of Minnesota. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Robyn Meyer-Thompson. I am a Supervising Staff Attorney at the Immigrant Law Center of Minnesota (ILCM), and this is an updated supplemental declaration following my initial declaration relating to the termination of nationwide policy of NQRP and its impact on our organization.

2. Following the funding cuts, our cases that relied on NQRP funding are becoming significant financial burdens on ILCM. Absorbing the costs, including attorney time, translation costs, and other litigation costs, is a substantial burden to our organization. Two of our NQRP clients speak rare languages and require interpreters for us to communicate with them. For one of our cases, there are only approximately 8,000 speakers of his language in the world. Especially given the mental health challenges, it is imperative that we communicate with our clients in their best languages. In other circumstances, we may be compelled to withdraw from these costly cases and make appropriate referrals. However, due to the mental health challenges of our clients, we cannot ethically withdraw. Minnesota Rules of Professional Conduct Rule 1.16(b)(1). In my experience, Immigration Judges at Fort Snelling do not allow counsel to withdraw in matters involving competence where no other counsel is available. For all of our cases, I do not think any other pro bono representation would be available, and our clients are unable to afford private counsel.

3. Our office continues to litigate three nationwide policy NQRP cases. We had a hearing on May 7, 2025, in one case, without funding. We have upcoming hearings on May 22, 2025 and May 28, 2025. All of our nationwide policy NQRP clients remain detained.

4. We also received a notice of appeal in another case, in a case where our client was granted termination due to the fact that no safeguards could help client proceed with their case due to the severe decompensation of their conviction. Because of the nature of the issues on appeal, it would be impossible for our client – who was adjudicated incompetent to represent himself – to provide a pro se legal brief that would assist the Board of Immigration Appeals in deciding this case. Therefore, ILCM will need to continue representing this individual without an NQRP appointment.

5. On May 6, an expert provided a report for my client, and ILCM is now expecting to be invoiced at least $1,000. The client lacks the funds to pay for these expenses. We do not have other grant funding allocated to pay for these requests.

6. We are also handling expensive costs related to necessary translation services. We are working with two NQRP clients in particular who speak rare languages, K'iche, Kaqchikel, and Kosraean, and have already been invoiced $652 just for the month of April 2025 for our calls with our clients. We have seven more legal calls during the month of May for which we are currently awaiting additional invoices. I would expect that those would be quite expensive as well.

7. In addition, we requested a transcript of criminal hearings in one case and were just informed last week that the judge did not have authority to grant our client a fee waiver, so ILCM will also have to pay for those transcripts out of pocket. Because of our client's limited memory and understanding of the criminal proceedings, the transcripts are necessary to advocate for his due process rights and to prepare for any testimony in the immigration case on these criminal cases. In addition, our client lacks the funds to pay for these requests.

8. After the cancellation of the nationwide policy program, two individuals have come to my attention who were flagged at the Fort Snelling Immigration Court for potential indicia of incompetence Without the NQRP program, I have some serious concerns about how safeguards can be implemented if these individuals are found to be unable to represent themselves.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 21st of May 2025 in St. Paul, MN.

*Robyn Meyer-Thompson*

Robyn Meyer-Thompson
Supervising Staff Attorney
Immigrant Law Center of Minnesota
450 N. Syndicate Street #200
St. Paul, MN 55104
(651) 641-1011, Ext. 229