**SUPPLEMENTAL DECLARATION OF RYAN BRUNSINK**
**MANAGING ATTORNEY, REMOVAL DEFENSE**
**FOR PENNSYLVANIA IMMIGRATION RESOURCE CENTER**

*I, Ryan Brunsink, make the following statements on behalf of PIRC. I certify*
*under penalty of perjury that the following statement is true and correct pursuant to 28*
*U.S.C. § 1746.*

1. My name is Ryan Brunsink, and I am the Managing Attorney for Removal Defense Programs at Pennsylvania Immigration Resource Center ("PIRC"). PIRC's office is located in York, Pennsylvania. PIRC is a member of the National Qualified Representative Program (NQRP) network, through which it provides appointed counsel to noncitizens in removal proceedings who are adjudicated not competent to represent themselves before the Executive Office for Immigration Review (EOIR). I am providing this supplemental declaration to update the Court about the termination of the Nationwide NQRP.

2. I incorporate my initial Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction as if fully set forth herein. (Dkt. 8-11).

3. On Monday, May 19, 2025, I attended an individual hearing, otherwise known as an evidentiary hearing, for a client for whom I was appointed counsel under the NQRP program. On Friday, May 16, 2025, PIRC paid for my travel and time to prepare my client for testimony at that hearing, and I believe we had to rely on our limited unrestricted funds to pay for these costs. It would have prejudiced my client terribly if I had tried to withdraw from this case in advance of the hearing, due to the proximity to the hearing. It was also necessary for me to travel and spend the day preparing my client.

4. At the end of the hearing, the immigration judge granted my client Cancellation of Removal, but the attorney for the Department of Homeland Security (DHS) reserved appeal. It has 30 days from the grant to decide whether to file a notice of appeal with the Board of Immigration Appeals. If DHS does appeal, I am not certain I would be able to represent my client in defending the immigration judge's decision, due to the limited resources our organization has to provide such representation in the absence of the NQRP program.

5. It is likely that multiple people would have been appointed counsel since the termination of the NQRP, but without the program, we do not know exactly how many.

6. For example, a private attorney reached out to me because he had a client with schizophrenia who had been detained. The attorney and the client's family were concerned for client's wellbeing while detained. The family couldn't afford to pay private counsel further, especially because detained cases move more quickly, and often attorneys need to charge more money for such representation. The attorney reached out knowing that historically we at PIRC have had an on-the-ground presence at Moshannon

1

Valley Processing Center, could meet with folks, and potentially do third-party notification letters to identify for the court an individual whose competence to self-represent was at issue. We had planned to meet this individual, but before we did so, funding was cut. We were never able to meet with him. And even if we had been able to speak with him, without NQRP, he would not be appointed counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd Day of May 2025, in Lancaster, Pennsylvania.

Managing Attorney, Removal Defense Programs
Pennsylvania Immigration Resource Center (PIRC)
717.779.1086
rbrunsink@pirclaw.org