# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN GATEWAYS, *et al.*,<br><br>*Plaintiffs,*<br><br>–v.–<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-01370-AHA |

### PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUCTION OR STAY UNDER LOCAL RULE 65.1(c)

Plaintiffs in the above-captioned case hereby move to supplement the record on their Motion for Preliminary Injunction or Stay filed on May 7, 2025 (ECF No. 8) with additional facts as set forth in the declaration of Eddie Lopez Lugo and the declaration of Sophie Woodruff (together, the "Supplemental Declarations"), attached to this Motion as Exhibit A and Exhibit B, respectively. Defendants take no position on this Motion at this time, but reserve the right to submit a response following review of the declarations.

The Lopez Lugo declaration is from a former counsel (who is not part of any of the Plaintiff organizations) of an NQRP client. The client had been experiencing clear psychotic symptoms, was illiterate, and had no family in the United States. Lugo Decl. ¶ 5. The immigration judge found this client incompetent in March 2025. *Id.* ¶ 7. As a result of the termination of the NQRP, counsel withdrew from the representation. *Id.* ¶¶ 5–6. Following counsel's withdrawal on April 30, 2025, the immigration judge reversed her prior determination that the now-former client was incompetent without any new evidence suggesting he was competent and though the government took no position on competency. *Id.* ¶ 8. The judge gave the client the option of filling out a form

for asylum or being deported. *Id.* ¶ 9. Despite the former client stating that he was tortured in his home country and was scared to go back, he agreed to be deported. *Id.* ¶ 10.

The Woodruff declaration is from a private practitioner (not part of any of the Plaintiff organizations) who is representing NQRP clients without payment. She explains that an immigration judge has denied two separate motions to withdraw based on the termination of the NQRP. Woodruff Decl. ¶¶ 9–10. The declaration explains the serious harm resulting from the forced continuation of unpaid representation. *Id.* ¶¶ 17–21.

Plaintiffs move to file the Supplemental Declarations to provide the Court with a more fulsome understanding of the ongoing irreparable harm being experienced by Nationwide NQRP service providers and their clients due to Defendants' termination of the program. The Court has discretion to consider the Supplemental Declarations. *See* D.D.C Local Rule 65.1(c); *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) ("Courts have the discretion to allow parties to supplement the record of a case."). Preliminary relief, as sought in this case, is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025) (quoting *University of Tex. v. Camenisch*, 451 U. S. 390, 395 (1981)).

This evidence "would be helpful" to the Court in deciding Plaintiffs' motion for prospective relief and "promote[s] the fair administration of justice" by ensuring that the Court has an up-to-date understanding of the situation on the ground. *Kifafi v. Hilton Hotels Ret. Plan*, No. CV 98-1517 (CKK), 2025 WL 858810, at *4 (D.D.C. Mar. 19, 2025) *appeal filed* No. 25-7053 (D.C. Cir. April 18, 2025) (granting leave to supplement the factual record related to post-judgment discovery) (cleaned up). Defendants would not be prejudiced by the Court's consideration of the Supplemental Declarations, which provide additional information about the effects of their own

actions. And this information is relevant as to the consequences of the termination of the NQRP as well as the public interest factors at issue with respect to the Motion for Preliminary Injunction or Stay. Accordingly, the Court should grant Plaintiffs' Motion.

Respectfully submitted,

Date: June 5, 2025

s/ *Keren Zwick*
Keren Zwick (D.D.C Bar No. IL0055)
Mark Feldman (C.A. Bar No. 302629)
(admitted *pro hac vice*)
Mary Georgevich (M.N. Bar No. 0399950)
(admitted *pro hac vice*)
Charles Roth (N.Y. Bar No. 2839041)
(admitted *pro hac vice*)
**NATIONAL IMMIGRANT JUSTICE CENTER**
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
Phone: 312.660.1364
Email: kzwick@immigrantjustice.org
mfeldman@immigrantjustice.org
mgeorgevich@immigrantjustice.org
croth@immigrantjustice.org

*Attorneys for Plaintiffs*

*\*Pro hac vice* pending

s/ *Ivano Ventresca*
Ivano Ventresca (D.C. Bar No. 1045769)
Monica F. Sharma (D.C. Bar No. 90013922)
**ZUCKERMAN SPAEDER LLP**
2100 L Street NW, Suite 400
Washington, DC 20037
Phone: 202.778.1842
Email: iventresca@zuckerman.com
msharma@zuckerman.com

s/ *Adina Appelbaum*
Adina Appelbaum (D.C. Bar No. 1026331)
F. Evan Benz (N.C. Bar. No 49077)*
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036
Phone: 202.331.3320
Email: adina@amicacenter.org
evan@amicacenter.org