UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN GATEWAYS, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | No. 25-CV-01370 (AHA) |

**JOINT STATUS REPORT PURSUANT TO SECTION 3(C)
OF THE COURT'S STANDING ORDER**

Pursuant to Section 3(c) of the Court's standing order, the parties submit this joint status report jointly proposing a voluntary remand to the Executive Office of Immigration Review (EOIR) and stay of this litigation pending final action on remand. A remand and stay would allow EOIR to engage in further decisionmaking to address the concerns identified by the Court in connection with its preliminary injunction. A remand and stay would conserve the resources of the parties and the Court, and there would be no prejudice to the parties because the nationwide NQRP remains in effect in light of the Court's preliminary injunction, and because defendants agree the Court would retain jurisdiction over this suit during the voluntary remand.

Courts retain the discretion to remand an agency decision when an agency has raised "substantial and legitimate" concerns in support of remand. *Am. Forest Resource Council v. Ashe*, 946 F. Supp. 2d 1, 41 (D.D.C. 2013) (quoting *SFK USA, Inc. v. United States*, 254 F.2d 1022, 1029 (Fed. Cir. 2001)). Voluntary remand also serves to "save the Court's and the parties' resources." *Am. Forest Resource Council*, 946 F. Supp. 2d at 43. *See also Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) ("an agency wishing to reconsider its action

should move the court to remand or hold the case in abeyance pending the agency's reconsideration") (citing *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962); *id.* at 25 (finding remand "will serve the interest of allowing [the government] to cure its own potential mistake rather than needlessly wasting the Court's and the parties' resources.").

      Here, substantial and legitimate reasons support a remand. A remand may obviate the need for litigation of issues that defendants are addressing administratively. In particular, the Court found in its preliminary injunction decision that Plaintiffs had established a likelihood of success on their APA claim that EOIR failed to consider several factors before terminating the nationwide NQRP, including because the "only explanation in the record for terminating the policy appear[ed] to be a notification to some organizations that the Acting Director [of EOIR] rescinded the policy out of 'convenience.'" Dkt. 32 at 8. A voluntary remand would permit the agency to address these concerns instead of continuing to litigate the legality of the existing action.[1] A remand would also cause no prejudice given that the Court has already enjoined the challenged agency action and that the parties agree this Court should retain jurisdiction of the litigation during the remand.

      To effectuate a remand without prejudice to either party, the parties agree that the case before the Court should be stayed, and the Court should retain jurisdiction over the case during the stay; that the Court's preliminary injunction remains in effect while the case is stayed; that Defendants will provide status reports to the Court every 60 days following a remand specifying (a) the number of appointments of QRs under the NQRP in the preceding 60 days and (b) the number of appointments provided or transmitted to Acacia under the NQRP in the preceding 60

---

[1] By consenting to the voluntary remand, Plaintiffs preserve, and do not waive or forfeit, any arguments regarding any potential action Defendants may take concerning the NQRP.

days; and that Defendants will promptly notify Plaintiffs and the Court of any decision to change, modify, alter, rescind, or terminate the NQRP. To the extent EOIR provides additional guidance regarding the NQRP during a remand, EOIR plans to publish that guidance as part of its policy manual, publicly available at https://www.justice.gov/eoir/eoir-policy-manual.

Accordingly, the parties respectfully submit that proceedings in this case should be stayed during a voluntary remand to EOIR.

DATED:  August 25, 2025

Respectfully submitted

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

*/s/ Sarah Welch*
SARAH WELCH
Ohio Bar No. 99171
Counsel
United States Department of Justice
Civil Division
950 Constitution Ave. NW
Washington, DC 20005
Phone: (202) 514-3180
Email:  sarah.e.welch@usdoj.gov

*Counsel for Defendants*