# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN GATEWAYS, *et al.*, | ) |
| Plaintiffs, | ) )  ) |
| v. | )  ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | )  ) |
| Defendants. | )  )  ) |

Civil Action No. 1:25-cv-01370 (AHA)

## ANSWER TO COUNT I

Defendants, by and through their undersigned counsel, provide the following Answer to the numbered paragraphs of Count I of Plaintiffs' Complaint:[1]

1.     Paragraph 1 contains Plaintiffs' characterization of their lawsuit, regarding which the Complaint speaks for itself.

2.     Defendants deny the allegations in paragraph 2.

3.     Paragraph 3 quotes and characterizes the document cited, to which no response is required. To the extent a response is required, Defendants aver that the cited announcement speaks for itself and Defendants refer the Court to that document for a complete and accurate statement of its contents.

4.     Admitted.

5.     The first and third sentences of paragraph 5 are admitted. The second sentence consists of Plaintiffs' characterization of *Franco-Gonzalez v. Holder*, to which no response is

---

[1] Because the Court has held Defendants' motion to dismiss in abeyance with respect to Counts II and III of the Complaint, Dkt. 32 at 26, Defendants answer only with respect to Count I at this time.

1

required. To the extent a response is required, Defendants assert that the proceedings in *Franco* speak for themselves and refer the Court to the proceedings in that case for a complete and accurate statement of their contents. The fourth sentence is denied. Footnote 1 consists of Plaintiffs' description of their own terminology, to which no response is required. Footnote 2 consists of Plaintiffs' characterization of a filing in a different cases, to which no response is required. To the extent a response is required, Defendants assert that the filing in a different case to which Plaintiffs refer speaks for itself and refer the Court to that filing for a complete and accurate statement of its contents.

6.    Defendants deny the allegations in paragraph 6.

7.    Paragraph 7 consists of Plaintiffs' summary and characterization of an Amendment and Statement of Work, to which no response is required. To the extent a response is required, Defendants aver that the Amendment and Statement of Work speaks for itself and refer the Court to the Amendment and Statement of Work for a complete and accurate statement of its contents.

8.    The first, second, and fourth sentences of Paragraph 8 are denied. The third sentence of paragraph 8 is admitted.

9.    Defendants deny the allegations in paragraph 9.

10.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny that termination of the Nationwide NQRP violated the Administrative Procedure Act.

11.    The first, fourth, and fifth sentences of paragraph 11 consist of Plaintiffs' conclusions of law about the *Accardi* doctrine and the specified regulations, to which a response is not

required. To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents. The second sentence of paragraph 11 is denied. The third sentence of paragraph 11 consists of Plaintiffs' characterization of the cited regulations, to which no response is required. To the extent a response is required, Defendants aver that the cited regulations speak for themselves and respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents.

12.    Paragraph 12 contains Plaintiffs' characterization of their lawsuit, regarding which the Complaint speaks for itself.

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants deny the allegations in paragraph 14.

15.    Defendants deny the allegations in paragraph 15.

16.    Defendants deny the allegations in paragraph 16.

17.    Admitted.

18.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 18.

19.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 19.

20.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 20.

21.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 21.

22.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 22.

23.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 23.

24.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 24.

25.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 25.

26.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 26.

27.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 27.

28.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 28.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Paragraph 35 consists of Plaintiffs' conclusions of law about the constitutional and statutory rights of aliens in removal proceedings, to which a response is not required.  To the extent a response is required, Defendants aver that the cited authorities speak for

themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

36.     Paragraph 36 consists of Plaintiffs' conclusions of law about the rights of aliens in removal proceedings, to which a response is not required.  To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

37.     Paragraph 37 consists of Plaintiffs' conclusions of law about the constitutional and statutory rights of aliens in removal proceedings, to which a response is not required.  To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

38.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 38 characterizing the findings of unspecified studies.

39.     Paragraph 39 consists of Plaintiffs' characterization of the characteristics of aliens with competency concerns, based on decisions of the U.S. Court of Appeals for the Third, Fourth, and Ninth Circuits, to which a response is not required. To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those authorities for a complete and accurate statement of their contents.

40.     Paragraph 40 is denied.

41.     The first sentence of paragraph 41 is admitted. Defendants lack sufficient knowledge or information to form a belief as to the allegations regarding unidentified specific cases in the second sentence of paragraph 41.

42.    Paragraph 42 consists of Plaintiffs' conclusions of law about the rights of aliens in removal proceedings, to which a response is not required. To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

43.    Paragraph 43 consists of Plaintiffs' conclusions of law about the rights of aliens in removal proceedings, to which a response is not required. To the extent a response is required, Defendants aver that the cited authorities speak for themselves and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

44.    Paragraph 44 consists of Plaintiffs' characterization of the decision in *Franco-Gonzalez v. Holder*, to which a response is not required. To the extent a response is required, Defendants aver that the decisions and filings in that case speak for themselves and respectfully refer the Court to those decisions and filings for a complete and accurate statement of their contents.

45.    Paragraph 45 consists of Plaintiffs' characterization of the INA and the decision in *Franco-Gonzalez v. Holder*, to which a response is not required. To the extent a response is required, Defendants aver that the statutes and the decision in that case speak for themselves and respectfully refer the Court to those sources for a complete and accurate statement of their contents.

46.    Paragraph 46 consists of Plaintiffs' characterization of *Franco-Gonzalez v. Holder*, to which a response is not required. To the extent a response is required, Defendants aver that the decision and settlement in that case speak for themselves and respectfully refer the Court to those sources for a complete and accurate statement of their contents.

47.    Admitted.

48.    Paragraph 48 consists of Plaintiffs' characterization of a memorandum and press release, to which a response is not required. To the extent a response is required, Defendants aver that the memorandum and press release speak for themselves and respectfully refer the Court to those sources for a complete and accurate statement of their contents.

49.    Paragraph 49 consists of Plaintiffs' characterization of a memorandum and press release, to which a response is not required. To the extent a response is required, Defendants aver that the memorandum and press release speak for themselves and respectfully refer the Court to those sources for a complete and accurate statement of their contents.

50.    Paragraph 50 consists of Plaintiffs' characterization of a memorandum and press release, to which a response is not required. To the extent a response is required, Defendants aver that the memorandum and press release speak for themselves and respectfully refer the Court to those sources for a complete and accurate statement of their contents.

51.    Paragraph 51 consists of Plaintiffs' characterization of a published directive, to which a response is not required. To the extent a response is required, Defendants aver that the published directive speaks for itself and respectfully refer the Court to the directive for a complete and accurate statement of its contents.

52.    Paragraph 52 consists of Plaintiffs' characterization of a published directive, to which a response is not required. To the extent a response is required, Defendants aver that the published directive speaks for itself and respectfully refer the Court to the directive for a complete and accurate statement of its contents.

53.    Paragraph 53 consists of Plaintiffs' characterization of a published directive, to which a response is not required. To the extent a response is required, Defendants aver that the

published directive speaks for itself and respectfully refer the Court to the directive for a complete and accurate statement of its contents.

54. Paragraph 54 consists of Plaintiffs' characterization of a published directive, to which a response is not required. To the extent a response is required, Defendants aver that the published directive speaks for itself and respectfully refer the Court to the directive for a complete and accurate statement of its contents.

55. Paragraph 55 consists of Plaintiffs' characterization of a published directive, to which a response is not required. To the extent a response is required, Defendants aver that the published directive speaks for itself and respectfully refer the Court to the directive for a complete and accurate statement of its contents.

56. Paragraph 56 consists of Plaintiffs' characterization of a published memorandum regarding the implementation of the NQRP, to which a response is not required. To the extent a response is required, Defendants aver that the memorandum speaks for itself and respectfully refer the Court to the memorandum for a complete and accurate statement of its contents.

57. Paragraph 57 consists of Plaintiffs' characterization of a fact sheet regarding NQRP, to which a response is not required. To the extent a response is required, Defendants aver that the fact sheet speaks for itself and respectfully refer the Court to the fact sheet for a complete and accurate statement of its contents.

58. Paragraph 58 consists of Plaintiffs' characterization of a 2020 rulemaking document, to which a response is not required. To the extent a response is required, Defendants aver that the rulemaking document speaks for itself and refer the Court to the rulemaking document for a complete and accurate statement of its contents.

59.     Paragraph 59 consists of Plaintiffs' characterization of 2019 and 2015 rulemaking documents, to which a response is not required. To the extent a response is required, Defendants aver that the rulemaking documents speak for themselves and refer the Court to the rulemaking documents for a complete and accurate statement of their contents.

60.     Paragraph 60 consists of Plaintiffs' characterization of a 2016 Board of Immigration Appeals decision, to which no response is required. To the extent a response is required, Defendants aver that the decision speaks for itself and refer the Court to the decision for a complete and accurate statement of its contents.

61.     Paragraph 61 consists of Plaintiffs' characterization of a document filed in the record in a different case, to which no response is required. To the extent a response is required, Defendants aver that the document speaks for itself and refer the Court to the document for a complete and accurate statement of its contents.

62.     The first sentence of paragraph 62 is admitted. The second and third sentences of paragraph 62 are denied.

63.     Defendants deny the allegations in paragraph 63.

64.     Admitted.

65.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 65.

66.     The first sentence is admitted.  The second sentence consists of quotes and characterizations of the statement of work in effect prior to April 25, 2025, to which no response is necessary. To the extent a response is necessary, Defendants aver that the statement of work speaks for itself and respectfully direct the Court to the statement of work for a full and accurate description of its contents.

67.    Paragraph 67 consists of quotes and characterizations of the statement of work in effect prior to April 25, 2025, to which no response is necessary. To the extent a response is necessary, Defendants aver that the statement of work speaks for itself and respectfully direct the Court to the statement of work for a full and accurate description of its contents.

68.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 68.

69.    Paragraph 69 consists of characterizations of internal EOIR emails, to which no response is necessary. To the extent a response is necessary, Defendants aver that the referenced emails speak for themselves and respectfully direct the Court to the emails for a full and accurate description of their contents.

70.    Paragraph 70 consists of Plaintiffs' characterization of a letter and a termination notice, to which no response is required. To the extent a response is required, Defendants aver that the letter and termination notice speak for themselves and refer the Court to the letter and termination notice for a complete and accurate statement of their contents.

71.    Paragraph 71 consists of Plaintiffs' characterization of a document filed in the record of another case, to which no response is required. To the extent a response is required, Defendants aver that the document speaks for itself and refer the Court to the document for a complete and accurate statement of its contents.

72.    The first sentence of paragraph 72 is denied. The second sentence of paragraph 72 is denied.

73.    Admitted.

74.     The first sentence of paragraph 74 is admitted. The second sentence of paragraph 74 is denied. The third, fourth and fifth sentences of paragraph 74 consist of Plaintiffs' characterization of the revised statement of work, to which no response is required. To the extent a response is required, Defendants aver that the revised statement of work speaks for itself and refer the Court to the revised statement of work for a complete and accurate statement of its contents.

75.     Paragraph 75 consists of Plaintiffs' characterization of the revised statement of work, to which no response is required. To the extent a response is required, Defendants aver that the revised statement of work speaks for itself and refer the Court to the revised statement of work for a complete and accurate statement of its contents.

76.     Paragraph 76 consists of Plaintiffs' characterization of the revised statement of work, to which no response is required. To the extent a response is required, Defendants aver that the revise statement of work speaks for itself and refer the Court to the revised statement of work for a complete and accurate statement of its contents.

77.     Paragraph 77 consists of a quote from EOIR's website, to which no response is required. To the extent a response is required, Defendants aver that the website speaks for itself and refer the Court to the website for a complete and accurate statement of its contents.

78.     Admitted.

79.     Defendants deny the allegations in paragraph 79.

80.     The first sentence of paragraph 80 is admitted. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in the rest of paragraph 80 regarding occurrences in unspecified cases and whether or when Plaintiff Amica Center received appointments in those unspecified cases.

81.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in the paragraph 81 regarding Plaintiff NIJC's appointment in an unspecified case.

82.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 82 characterizing the awareness of immigration judges or developments in an unspecified case.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 86 regarding the facts or outcomes in an unspecified case.

87.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in the first, second, third, fourth, sixth, and seventh sentences of paragraph 87 regarding the schedules in unspecified cases or plaintiffs' actions or internal conclusions regarding those unspecified cases. The fifth sentence of paragraph 87 is denied.

88.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in the first and second sentences of paragraph 88 regarding plaintiffs' missions. The third sentence of paragraph 88 is denied.

89.     Admitted.

90.     Paragraph 90 is denied, except that defendants admit that in the absence of federal funding, plaintiffs seeking to obtain replacement funding would have to obtain that funding from other sources.

91.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in the first, third, fourth, and fifth sentences of paragraph 91 regarding the difficulty of plaintiffs' decisions, plaintiffs' likely actions, and those actions' likely effects on plaintiffs. The second sentence of paragraph 91 is denied.

92.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 92 regarding the specific actions plaintiffs may take or have taken and the specific consequences that plaintiffs may experience as a result.

93.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 93 regarding the specific actions plaintiffs may take or have taken and the specific consequences that plaintiffs may experience as a result.

94.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 94 regarding the specific actions plaintiffs may take and the specific consequences that plaintiffs may experience as a result.

95.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 95 regarding the specific actions plaintiffs may take and the specific consequences that plaintiffs may experience as a result.

96.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 96 regarding the specific actions plaintiffs may take and the specific consequences that plaintiffs may experience as a result.

97.    The first sentence of paragraph 97 is admitted. The second sentence is denied.

98.    The first sentence of paragraph 98 is denied. The second and third sentences of paragraph 98 quote from and characterize a filing in another case, to which no response is required. To the extent a response is required, defendants aver that the filing speaks for itself and

refer the Court to the filing for a complete and accurate statement of its contents. The fourth and fifth sentences of paragraph 98 are denied.

99.    The first sentence of paragraph 99 is denied. Defendants lack sufficient knowledge or information to form a belief as to the allegations in the second and third sentences of paragraph 99 regarding the schedule and likely effects of replacement of counsel in an unidentified specific case.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104, except to admit in the second sentence that *Franco* class members are entitled to continued representation if they are released from detention and relocate to other states.

105.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

106.    The first sentence of paragraph 106 quotes from and characterizes the Administrative Procedure Act, to which no response is required. To the extent a response is required, defendants aver that the Administrative Procedure Act speaks for itself and refer the Court to that statute for a complete and accurate statement of its contents. The second sentence of paragraph 106 is denied.

107.    The first sentence of paragraph 107 consists of Plaintiffs' summary and characterization of the April 25, 2025 contract modification notice, to which no response is required. To the extent a response is required, Defendants aver that the notice speaks for itself and

14

refer the Court to the notice for a complete and accurate statement of its contents. Defendants deny the allegations in the second sentence of paragraph 107.

108.    The first sentence of paragraph 108 consists of Plaintiffs' summary and characterization of the April 25, 2025 contract modification notice, to which no response is required. To the extent a response is required, Defendants aver that the notice speaks for itself and refer the Court to the notice for a complete and accurate statement of its contents.  The second sentence of paragraph 108 consists of Plaintiffs' conclusions of law about the Administrative Procedure Act, to which no response is required.  To the extent a response is deemed required, Defendants aver that the Administrative Procedure Act speaks for itself and respectfully refer the Court to that statute for a complete and accurate statement of its contents.

109.    The allegations in paragraph 109 consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny that termination of the Nationwide NQRP violated the Administrative Procedure Act.

110.    Paragraph 110 consists of Plaintiffs' summary and characterization of the challenged agency decision in this case, to which no response is required. To the extent a response is required, Defendants aver that the April 25, 2025 contract modification notice speaks for itself and refer the Court to the notice for a complete and accurate statement of its contents explaining the basis for the modification.

111.    Paragraph 111 consists of Plaintiffs' summary and characterization of the challenged agency decision in this case, to which no response is required. To the extent a response is required, Defendants aver that the April 25, 2025 contract modification notice speaks for

itself and refer the Court to the notice for a complete and accurate statement of its contents explaining the basis for the modification.

112.    The first sentence of paragraph 112 consists of Plaintiffs' summary and characterization of the challenged agency decision in this case, to which no response is required. To the extent a response is required, Defendants aver that the April 25, 2025 contract modification notice speaks for itself and refer the Court to the notice for a complete and accurate statement of its contents explaining the basis for the modification. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in the second sentence of paragraph 112.

113.    The first sentence of paragraph 113 consists of Plaintiffs' summary and characterization of the challenged agency decision in this case, to which no response is required. To the extent a response is required, Defendants aver that the April 25, 2025 contract modification notice speaks for itself and refer the Court to the notice for a complete and accurate statement of its contents explaining the basis for the modification. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in the second sentence of paragraph 113.

114.    This paragraph consists of Plaintiffs' summary and characterization of the challenged agency decision in this case, to which no response is required. To the extent a response is required, Defendants aver that the April 25, 2025 contract modification notice speaks for itself and refer the Court to the notice for a complete and accurate statement of its contents explaining the basis for the modification.

115.    The first sentence of paragraph 115 consists of Plaintiffs' summary and characterization of the challenged agency decision in this case, to which no response is required. To the

16

extent a response is required, Defendants aver that the April 25, 2025 contract modification notice speaks for itself and refer the Court to the notice for a complete and accurate statement of its contents explaining the basis for the modification.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in the second sentence of paragraph 115.

Paragraphs 116-131 relate to claims that have been stayed, and thus no response is required.

The remaining paragraphs contain Plaintiffs' requests for relief, not allegations of fact, so no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in these paragraphs, and further state that Plaintiffs are not entitled to the requested relief or any other relief from Defendants.

## DEFENSES

1. The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Amended Complaint.

2. One or more claims or requests for relief in the Amended Complaint fails to state a claim upon which relief can be granted.

3. Defendants reserve the right to raise any affirmative defense – including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) – that may be supported by the record in this case.

DATED:  August 25, 2025

Respectfully submitted

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

*/s/ Sarah Welch*
SARAH WELCH
Ohio Bar No. 99171
Counsel
United States Department of Justice
Civil Division
950 Constitution Ave. NW
Washington, DC 20005
Phone: (202) 514-3180
Email:  sarah.e.welch@usdoj.gov

*Counsel for Defendants*