UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN GATEWAYS, *et al.*, <br><br>  *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br>  *Defendants*. | Civil Action No. 25-01370 (AHA) |

## Order

On July 21, 2025, the Court granted Plaintiffs' motion for a preliminary injunction. The Court found that Plaintiffs were likely to succeed on their claim that Defendants' elimination of the National Qualified Representative Program ("NQRP") was arbitrary and capricious within the meaning of the Administrative Procedure Act ("APA") and preliminarily enjoined Defendants from taking any action to terminate or pause the NQRP. ECF No. 32 at 6, 26. In their most recent joint status report, the parties jointly propose "a voluntary remand to the Executive Office of Immigration Review (EOIR) and stay of this litigation pending final action on remand." ECF No. 39 at 1. The Court construes the joint status report as a joint motion to voluntarily remand this matter to Defendant EOIR for further decisionmaking. The parties represent that remand "would conserve the resources of the parties and the Court" by "allow[ing] EOIR to engage in further decisionmaking to address the concerns identified by the Court in connection with its preliminary injunction," rather than "continuing to litigate the legality of the existing action." *Id.* at 1–2. The parties agree that the remand should be accompanied by various conditions. First, the Court should stay and retain jurisdiction over the case while Defendants reconsider the enjoined agency action.

Second, the preliminary injunction should remain in effect during the stay. Third, Defendants should provide status reports to the Court every sixty days stating how many qualified representatives have been appointed under the NQRP in the preceding sixty days and how many appointments were provided or transmitted to the Acacia Center for Justice under the NQRP in the preceding sixty days. Fourth, Defendants should promptly notify Plaintiffs and the Court of any decision to change, modify, alter, rescind, or terminate the NQRP.

Voluntary remand allows agencies to "cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *see, e.g.*, *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23–24 (D.D.C. 2008). Courts have discretion to remand an agency decision in various circumstances, including when an agency has raised "substantial and legitimate" concerns in favor of remand. *Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 41 (D.D.C. 2013) (quoting *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)). "A remand may be refused if the agency's request is frivolous or in bad faith." *SKF USA, Inc.*, 254 F.3d at 1029 (citing *Lutheran Church–Missouri Synod v. FCC*, 141 F.3d 344, 349 (D.C. Cir. 1998)). And granting voluntary remand requests is common in this circuit. *Am. Forest Res. Council*, 946 F. Supp. 2d at 40.

Here, the concerns motivating Defendants' request to revisit the action under review are plainly substantial and legitimate, given the Court's order concluding that the decision likely violated the APA and irreparably harmed Plaintiffs. The Court is not aware of any indication of frivolousness or bad faith, and the parties agree that remand is the appropriate next step. Accordingly, the joint motion at ECF No. 39 is granted. This matter is remanded to Defendant

EOIR. The Court adopts the parties' proposed conditions. The case is stayed during the remand, and the Court retains jurisdiction. The preliminary injunction remains in effect during the stay. Defendants shall file status reports every sixty days stating how many qualified representatives have been appointed and how many appointments were provided or transmitted to the Acacia Center for Justice under the NQRP in the preceding sixty days. Defendants shall promptly notify Plaintiffs and the Court of any decision to change, modify, alter, rescind, or terminate the NQRP. In addition to those conditions, Defendants shall file a status report informing the Court of new guidance regarding the NQRP that they publish during remand in the EOIR policy manual (as Defendants indicate they plan to do in the joint status report).

                                                _____
                                                AMIR H. ALI
                                                United States District Judge

Date:   September 16, 2025